United States District Court
Southern District of New York

No. 09 civ 8101 (BSJ)(DF)

Realdalist A. Fahie,

                    Plaintiff,

                    v.

Sergeant Robert Mainor, Shield No. 1770,
Police Officer Alisa Rivera Robles, Shield No. 19359,
Police Officer Janette Colon, Shield No. 23281,
Police Officer Moises Felix, Shield No. 11509,
Police Officer Cedric Dixon, Shield No. 21718,
Enphont Veterans Service,
Lincoln Medical Center,
Enphont,
John Doe,

                    Defendants.

        Plaintiff's Amended Complaint

1.

1. This is an action for money damages against Sergeant Mainor, Police officer Alisa Rivera Robles, Police officer Janette Colon, Police officer Moises Felix, Police officer Cedric Dixon, Enphont Veterans Service, Lincoln Medical Center and Enphont, the City of New York and others for violating the plaintiff's constitutional rights.

2. The above named defendants subjected the plaintiff to the deprivation of his liberty without probable cause. The plaintiff was forced to endure great pain and mental suffering. The above

2

NAMED DEFENDANTS INVADED THE
PLAINTIFF'S PRIVACY WITHOUT PROBABLE
CAUSE, AND SUBJECTED THE PLAINTIFF
TO SUMMARY PUNISHMENT. IN
ADDITION, THE ABOVE NAMED DEFENDANTS
DAMAGED THE PLAINTIFF'S REPUTATION.

3. PLAINTIFF REAMDALIST A. FANTE
ALLEGES THAT THE ABOVE NAMED
DEFENDANTS ACTED UNDER COLOR
OF LAW AND ACTED IN CONCERT
TO DEPRIVED THE PLAINTIFF OF
HIS LIBERTY GUARANTEED BY
THE CONSTITUTION, WITHOUT PROBABLE
CAUSE, AND SUBJECTED THE
PLAINTIFF TO **SUMMARY** PUNISHMENT
WHEN THEY MALICIOUSLY AND
INVOLUNTARILY COMMITTED THE

3

PLAINTIFF TO LINCOLN MEDICAL CENTER PSYCHIATRIC WARD WITHOUT PROBABLE CAUSE.

4. PLAINTIFF ALLEGES THAT THE CITY OF NEW YORK IS liABLE FOR SUBJECTING THE PLAINTIFF TO THE DEPRIVATION OF HIS liBERTY GUARANTEED BY THE CONSTITUTION, AND THE ABUSE OF PROCESS, BE-CAUSE THE CITY OF NEW YORK HAS TOLERATED AND PERMITTED A PATTERN OF illEGAL ARRESTS OF MINORITY PERSONS, INVOLUNTARY COMMITMENT OF MINORITY PERSONS TO PSYCHIATRIC WARDS WITHOUT PROBABLE CAUSE, RACIAL PROFILING OF MINORITIES, AND HAS FAILED

4

TO PROPERLY INVESTIGATE SUCH
INCIDENTS AND DISCIPLINE THE
OFFICERS INVOLVED.

### Jurisdiction

5. THIS ACTION IS BROUGHT PURSUANT
TO 42 U.S.C. SECTIONS 1983 AND
1988 AND THE FIRST, FOURTH,
FIFTH AND FOURTEENTH AMEND-
MENTS TO THE UNITED STATES
CONSTITUTION. JURISDICTION IS
FOUNDED UPON 28 U.S.C. SECTIONS
1331 AND 1341 (3) AND (4) AND
AFOREMENTIONED STATUTORY
AND CONSTITUTIONAL PROVISIONS.
PLAINTIFF FURTHER INVOKES THE
PENDENT JURISDICTION OF THIS
COURT TO HEAR AND DECIDE

5

CLAIMS ARISING UNDER STATE LAW.

6. THE AMOUNT IN CONTROVERSY EXCEEDS ONE HUNDRED THOUSAND ($100,000,00) DOLLARS, EXCLUDING INTEREST AND COSTS.

<u>PARTIES</u>

7. PLAINTIFF REGALDALIST A. FAHIE IS AND WAS AT ALL MATERIAL TIMES HEREIN A CITIZEN OF THE UNITED STATES, AND THE PLAINTIFF IS A SERVICE-CONNECTED DISABLED VETERAN. HE IS OF WEST INDIAN HERITAGE.

8. DEFENDANT MAINOR, 40th PCT, WAS AT ALL TIMES MENTIONED HEREIN A DULY APPOINTED AND ACTING OFFICER OF THE POLICE

6

DEPARTMENT OF THE CITY OF
NEW YORK.

9. AT ALL TIMES MENTIONED
HEREIN, DEFEDANT MAINOR, 40th
PCT, WAS ACTING UNDER COLOR OF
THE law, TO WIT, UNDER COlOR
OF THE STATUES, ORDINANCES,
REGULATIONS, Policies, CUSTOMS
AND USAGES OF THE STATE OF
NEW YORK AND THE CITY OF NEW
YORK.

10. DEFENDANT Alisa RIVERA
RoBLES, 40th PcT, WAS AT ALL
TIMES MENTIONED HEREIN A
Duly APPOINTED AND ACTING OFFICER
OF THE POLICE DEPARTMENT OF THE
CITY OF NEW YORK.

7

11. AT ALL TIMES MENTIONED HEREIN, DEFENDANT ALISA RIVERA ROBLES, 40th PCT, WAS ACTING UNDER COLOR OF THE LAW, TO WIT, UNDER COLOR OF THE STATUTES, ORDINANCES, REGULATIONS, POLICIES, CUSTOMS, AND USAGES OF THE STATE OF NEW YORK AND THE CITY OF NEW YORK.

12. DEFENDANT JANETTE COLON, 40th PCT, WAS AT ALL TIMES MENTIONED HEREIN A DULY APPOINTED AND ACTING OFFICER OF THE POLICE DEPARTMENT OF THE CITY OF NEW YORK.

13. AT ALL TIMES MENTIONED HEREIN, DEFENDANT JANETTE COLON, 40th PCT,

8

WAS ACTING UNDER COLOR OF THE
LAW, TO WIT, UNDER COLOR OF THE
STATUTES, ORDINANCES, REGULATIONS,
POLICIES, CUSTOMS, AND USAGES OF
THE STATE OF NEW YORK AND THE
CITY OF NEW YORK.

14. DEFENDANT MOISES FELIX,
40th PCT, WAS AT ALL TIMES MENTIONED
HEREIN A DULY APPOINTED AND
ACTING OFFICER OF THE POLICE
DEPARTMENT OF THE CITY OF
NEW YORK.

15. AT ALL TIMES MENTIONED
HEREIN, DEFENDANT FELIX, 40th
PCT, WAS ACTING UNDER COLOR OF
THE LAW, TO WIT, UNDER COLOR OF
THE STATUTES, ORDINANCES, REGULATIONS,

Policies, Customs, And Usages of the State of New York And the City of New York.

16. Defendant Dixon, 40th Pct, was at all times mentioned herein, a Duly Appointed and Acting Officer of the Police Department of the City of New York.

17. At all times mentioned herein, Defendant Dixon, 40th Pct, was acting under of the law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of New York and the City of New York.

10.

## CAUSE OF ACTION

18. PLEASE TAKE NOTICE THAT ON SEPTEMBER 4th, 2008, DEFENDANT ENPHONT LIED TO THE POLICE, AND DEFENDANTS MAINOR, Alisa Rivera Robles, JANETTE Colon, Moises Felix AND CEDRIC Dixon, AND OTHERS illEGAlly EVICTED THE Plaintiff FROM His Room AT 575 Jackson AVENUE, BRONX NEW York, AND MAliciously AND INVOLUNTARILY COMMITTED THE Plaintiff TO Lincoln MEDICAl CENTER Psychiatric WARD WITHOUT Probable CAUSE, BECAUSE THE Plaintiff HAD STOPPED PAYING His RENT. SEE Plaintiff's

11.

EXHIBIT "A" ATTACHED TO THIS AMENDED COMPLAINT, INVOICE FROM DEFENDANT GNPHONT, 1931 MOTT AVENUE, FAR ROCK-AWAY, NEW YORK, 11691. THE PLAINTIFF OWED A TOTAL OF $3,500.00 IN RENT ARREARS, DATED NOVEMBER 30th, 2008, PAGE 19. AT LINCOLN MEDICAL CENTER PSY-CHIATRIC WARD, THE PLAINTIFF WAS FORCED TO TAKE THE ANTIPSY-CHOTIC DRUG RISPEROL, AND OTHER PSYCHIATRIC MEDICATIONS. DRUGS THAT CAN PERMANENTLY DAMAGE THE NERVOUS SYSTEM. A CLEAR VIOLATION OF SOUND MEDICAL PRACTICE AND FEDERAL LAW. IN ADDITION,

12.

THE PLAINTIFF WAS SUBJECTED
TO SUMMARY PUNISHMENT, AND
THE DEPRIVATION OF HIS LIBERTY
FOR SEVEN (7) DAYS, AND RELEASED
ON SEPTEMBER 11th, 2008.

20. AT ALL TIMES MENTIONED
HEREIN, THE PLAINTIFF WAS NOT
VIOLATING ANY LAWS, AND HAS NOT,
AND WAS NOT ENGAGED IN ANY
CRIMINAL ACTIVITIES. THE PLAINTIFF
WAS NOT A DANGER TO HIMSELF
OR OTHERS. IN ADDITION, THE
PLAINTIFF HAS NO HISTORY OF
A MENTAL DISORDER.

21. BASED ON THE ABOVE FACTS,
DEFENDANTS MAINOR, ALISA RIVERA
ROBLES, JANETTE COLON, MOISES FELIX,

13.

Cedric Dixon, Enphont Veterans Service, Lincoln Medical Center and Enphont Acted under Color of law And Acted in Concert to Deprived the Plaintiff of His Liberty Guaranteed By the Constitution, Without Probable Cause.

22. The Plaintiff Alleges that any of the exceptions to the General Rule that a Private Hospital is not liable As a State Actor under Section 1983, Applies in the Plaintiff's Broad and Conclusory Complaint.

23. The Above Named Defendants and Others Subjected the Plaintiff

TO THESE DEPRIVATION OF HIS RIGHTS MALICIOUSLY, OR BY ACTING WITH RECKLESS DISREGARD FOR WHETHER THE PLAINTIFF'S RIGHTS WOULD BE VIOLATED BY THEIR ACTIONS

24. THE SAID MALICIOUS AND INVOLUNTARY COMMITMENT OF THE PLAINTIFF TO LINCOLN MEDICAL CENTER PSYCHIATRIC WARD WERE ENTIRELY UNJUSTIFIED BY ANY ACTIONS OF THE PLAINTIFF, AND CONSTITUTED A VIOLATION OF HIS CONSTITUTIONAL RIGHTS.

25. DEFENDANTS ENPHONT AND LINCOLN MEDICAL CENTER ACTED UNDER COLOR OF LAW AND ACTED IN CONCERT WITH THE POLICE TO

15

DEPRIVE THE PLAINTIFF OF His liberty GUARANTEED By THE CONSTITUTION, WITHOUT PROBABLE CAUSE.

26. PRIVATE INDIVIDUAL MAY BE SUBJECTED TO liABILITY UNDER SECTION 1983 iF HE WiLLFULLY COLLABORATED WiTH AN OFFICIAL STATE ACTOR TO DEPRIVE THE PLAINTIFF OF His liBERTY GUARANTEED By THE CONSTITUTION.

27. DEFENDANTS MAINOR, Alisa RiVERA ROBLES, JANNETTE Colon, Moises FElix AND CEDRiC DiXON ACTED UNDER Color OF lAW AND ACTED iN CONCERT TO DEPRIVE THE PLAINTIFF OF His liBERTY, GUARANTEED By THE CONSTITUTION,

16

WITHOUT PROBABLE CAUSE.

28. THE ABOVE NAMED DEFENDANTS HAD NO PROBABLE CAUSE TO illegally EVICTED THE plaintiff FROM His ROOM, AND MALiciously AND involuntarily Committed THE plaintiff TO Lincoln MEDicn CENTER psychiatric WARD.

29. By THE ACTIONS DESCRIBED ABOVE, DEFENDANTS MAiNOR, Alisa RiveRa RoBles, JANETTE Colon, Moises Felix, CEDRic Dixon, ENPHONT Veterans SERvice, Lincoln WEDicn CENTER AND ENPHONT DEPRiVED THE plaintiff OF THE Following Clearly ESTABlished AND WELL-SETTIED CONSTiTuTioNAI RiGHTS:

17

A. FREEDOM FROM THE DEPRIVATION OF LIBERTY WITHOUT PROBABLE CAUSE.

B. FREEDOM FROM SUMMARY PUNISHMENT; AND

C. FREEDOM FROM THE INVASION OF PRIVACY WITHOUT PROBABLE CAUSE.

WHEREFORE, Plaintiff Realcoalist A. Fahie Respectfully Requests that this court:

A. AWARD Compensatory Damages Against Each Defendant in the Amount of Five Hundred Thousand ($500,000.00) Dollars: Defendants Robert Mainor, Alisa Rivera Robles, Janette Colon, Moises Felix, Cedric

18

Dixon, Enphont Veterans Service And Enphont, And Lincoln Medical Center.

B. Award Punitive Damages Against Each Defendant in the Amount of Five Hundred Thousand ($500,000.00) Dollars: Defendants Robert Mainor, Alisa Rivera Robles, Janette Colon, Moises Felix, Cedric Dixon, Enphont Veterans Service, Lincoln Medical Center, And Enphont.

C. Award Costs of This Action Including Attorney's Fees To The Plaintiff; And Award Such Other And Further Relief As This Court May Deem Appropriate.

## Supplementary Complaint

30. Please take Further Notice

19

THAT ON April 29, 2009, AT Approx-
imately 5:27 p.m., ON 191 St. STREET
AND CRESTON AVENUE, BRONX, N.Y.,
TWO Plain CLOTHES Police OFFICERS,
DRIVING A MARKED Police VAN #5684,
FROM THE 52nd PRECINCT, illegally
STOPPED, AND SEARCHED THE Plaintiff
WITHOUT PROBABLE CAUSE, AND SUB-
JECTED THE Plaintiff TO THE
DEPRIVATION OF HIS LIBERTY Guaranteed
By THE CONSTITUTION, AND INVADED
THE Plaintiff's PRIVACY WITHOUT
PROBABLE CAUSE.

    31. AFTER THE OFFICERS, ONE
HISPANIC AND ONE BLACK, FAILED TO
FIND ANY WEAPONS, DRUGS OR
CONTRABAND ON THE PLAINTIFF,

THE POLICE OFFICERS RELEASED THE PLAINTIFF.

32. AT All TIMES MENTIONED HEREIN, THE PLAINTIFF WAS NOT VIOLATING Any laws, AND HAS NOT, AND WAS NOT ENGAGED IN ANY CRIMINAL ACTIVITIES. THE PLAINTIFF WAS NOT A DANGER TO HIMSELF OR OTHERS.

33. THE SAID ILLEGAL STOPPED, SEARCHED, AND INVASION OF PRIVACY By JOHN DOE DEFENDANTS WERE ENTIRELY UNJUSTIFIED By ANY ACTIONS OF THE PLAINTIFF, AND CONSTITUTED A VIOLATION OF HIS CONSTITUTIONAL RIGHTS.

34. IN ADDITION, JOHN DOE

DEFENDANTS ACTED UNDER COLOR OF LAW AND ACTED IN CONCERT TO DEPRIVED THE PLAINTIFF OF HIS LIBERTY GUARANTEED BY THE CONSTITUTION, WITHOUT PROBABLE CAUSE.

35. JOHN DOE DEFENDANTS AND OTHERS SUBJECTED THE PLAINTIFF TO THE DEPRIVATION OF HIS LIBERTY MALICIOUSLY, INVADED HIS PRIVACY WITHOUT PROBABLE CAUSE, OR BY ACTING WITH RECKLESS DISREGARD FOR WHETHER THE PLAINTIFF'S RIGHTS WOULD BE VIOLATED BY THEIR ACTIONS.

36. BY THE ACTIONS DESCRIBED ABOVE, JOHN DOE DEFENDANTS

DEPRIVED THE PLAINTIFF OF HIS
LIBERTY GUARANTEED BY THE
CONSTITUTION WITHOUT PROBABLE
CAUSE, AND INVADED THE PLAINTIFF'S
PRIVACY WITHOUT PROBABLE CAUSE,
CLEARLY ESTABLISHED AND WELL-
SETTLED CONSTITUTIONAL RIGHTS.

37. AS A RESULT OF THIS MALICIOUS
ABUSE OF PROCESS, THE PLAINTIFF
ROALDALIST A. FAHIE SUFFERED
THE DAMAGES AS AFORESAID.

WHEREFORE, PLAINTIFF ROALDALIST
A. FAHIE RESPECTFULLY REQUESTS
THAT THIS COURT:

A. AWARD COMPENSATORY DAMAGES
AGAINST EACH DEFENDANT IN THE AMOUNT
OF FIVE HUNDRED THOUSAND ($500,000.00)

23

Dollars.

B. Award Punitive Damages Against Each Defendant in the Amount of Five Hundred Thousand ($500, 000.00) Dollars.

C. Award Costs of This Action Including Attorney's Fees to the Plaintiff; And

D. Award Such Other And Further Relief As This Court May Deem Appropriate.

Respectfully Submitted,

R. Fahie

Dated: April 1st, 2011

24

# ENPHRONT

**ENPHRONT**
1931 Mott Avenue
Far Rockaway, NY 11691

(718)732-7384
enphrontjackson@gmail.com

## Invoice

| DATE | INVOICE # |
|------|-----------|
| 11/30/2008 | 1702 |
| **TERMS** | **DUE DATE** |
| Due on receipt | 11/30/2008 |

**BILL TO**

Realdalist A. Fahie
575 Jackson Avenue #2B
Bronx, NY 10455 USA

| AMOUNT DUE | ENCLOSED |
|------------|----------|
| $3,500.00 | |

Please detach top portion and return with your payment.

| Date | Activity | Quantity | Rate | Amount |
|------|----------|----------|------|--------|
| 11/30/2008 | Rents Due November 2008 | | | 600.00 |
| 11/30/2008 | Rents Due October 2008 | | | 600.00 |
| 11/30/2008 | Rents Due September 2008 | | | 600.00 |
| 11/30/2008 | Rents Due August 2008 | | | 600.00 |
| 11/30/2008 | Rents Due July 2008 | | | 100.00 |
| 11/30/2008 | Cost to Repair Damages to Room and Replacement of Fixtures | | | 400.00 |
| 12/01/2008 | Rents Due December 2008 | | | 600.00 |

Merry Christmas and Happy New Year
Thank You for Your Support

| | TOTAL | $3,500.00 |
|--|-------|-----------|

*PLAINTIFF'S EXHIBIT "A", PAGE 25*

## CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the United States that a copy of this paper was mailed postage prepaid to: Ms. Alexandra Corsi, Assistant Corporation Counsel, 100 Church Street, N.Y., N.Y. 10007; and to, Ms. Angela Margaret Ribaudo, Schiavetti, Corgan, Soscia, DiEdwards & Nicholson, LLP, 575 Eight Avenue, 14th Floor, N.Y., N.Y. 10018; and to: ENPHRONT, 1931 Mott Avenue, Far Rockaway, New York 11691, on April 1st, 2011.

R. Fahie
P.O. Box 1744
New York, N.Y. 10025
Tel # 646-353-7051